UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE No. 23-cv-61062-BLOOM

**STEVEN BOURGEOIS**,

    Plaintiff,

v.

**MS. ROCK**, *et. al.*,

    Defendants.

_____/

## ORDER DISMISSING CASE

**THIS CAUSE** is before the Court upon a review of *pro se* Plaintiff, Steven Bourgeois' Complaint, ECF No. [1], and Motion for Leave to Proceed *In Forma Pauperis* ("IFP Motion"), ECF No. [3]. Because Plaintiff is a *pro se* litigant who has not paid the required filing fee, the screening provisions of 28 U.S.C. section 1915(e) apply. Under the statute, courts are permitted to dismiss a suit "any time [] the court determines that . . . (B) the action or appeal . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

Moreover, "a district court does, and indeed must, have the power to control and direct the cases on its docket." *Burden v. Yates*, 644 F.2d 503, 505 (5th Cir. 1981) (citations omitted). This includes the inherent power to dismiss a case. *See id.* And it includes the power to dismiss a case *sua sponte* when the plaintiff fails to comply with procedural rules. *See Hanna v. Florida*, 599 F. App'x 362, 363 (11th Cir. 2015) (citing Fed. R. Civ. P. 41(b); *Chambers v. NASCO, Inc.*, 501 U.S. 32, 48–49 (1991)). Upon a review of the Complaint, the Court concludes it must be dismissed because it fails to state a claim on which relief may be granted.

To state a claim for relief, a pleading must contain: "(1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought[.]" Fed. R. Civ. P. 8(a). "A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." *Id.* 10(b). More importantly, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The complaint must "give the defendant fair notice of what the claim is and the grounds upon which it rests[.]" *Twombly*, 550 U.S. at 555 (cleaned up).

Courts must "construe *pro se* pleadings liberally, holding them to a less stringent standard than those drafted by attorneys." *Arrington v. Green*, 757 F. App'x 796, 797 (11th Cir. 2018) (citation omitted). Still, a *pro se* party must abide by Federal Rule of Civil Procedure 8(a)(2), which requires that a pleading contain a "short and plain statement of the claim" showing the pleader is entitled to relief. *See Barmapov v. Amuial*, 986 F.3d 1321, 1324 (11th Cir. 2021).

The Court struggles to understand Plaintiff's Complaint—his claims are largely incomprehensible, and his handwriting is illegible in parts. *See generally*, ECF No. [1]. From what the Court can decipher, Plaintiff has a difference of opinion with the prison medical staff. *See id.* Plaintiff claims he is "throwing up blood and yellow acid reflex" and the prison medical staff is providing inadequate care by refusing to give him a certain medication.[1] *Id.* at 2.[2]

---

[1] Due to the illegible handwriting, the Court cannot decipher the name of the medication, but Plaintiff specifies 95 mg. of a certain medication.

[2] The Court uses the pagination generated by the electronic CM/ECF database, which appears in the headers of all court filings.

Nevertheless, "not every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, (1976). Instead, medical treatment violates the Eighth Amendment "only when it is so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Hoffer v. Sec'y, Fla. Dep't of Corr.*, 973 F.3d 1263, 1271 (11th Cir. 2020) (quoting *Harris v. Thigpen*, 941 F.2d 1495, 1505 (11th Cir. 1991)). "Mere incidents of negligence or malpractice do not rise to the level of constitutional violations." *Harris*, 941 F.2d at 1505. Nor does a "simple difference in medical opinion between the prison's medical staff and the inmate as to the latter's diagnosis or course of treatment." *Id.* Here, the "simple difference in medical opinion" between the prison's medical staff and Plaintiff does not rise to the level of an Eighth Amendment violation. *Id.*

Moreover, Plaintiff's IFP Motion is insufficient because it lacks a copy of his six-month prison trust fund account statement. Plaintiffs who cannot pay the $402 filing fee ($350 + $52 administrative fee) may file an IFP Motion with their action without initial payment of the fee. *See* 28 U.S.C. § 1915. Section 1915 requires that plaintiffs file an IFP Motion accompanied by "an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." *Id*. at (a)(1). Section 1915 further requires that a plaintiff "submit a certified copy of the trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint . . . ." *Id.* at (a)(2). A Plaintiff who is granted *in forma pauperis* status is exempt from the $52 administrative fee but remains responsible for payment of the $350 filing fee. *See id.* at (b)(1).

Case No. 23-cv-61062-BLOOM

Plaintiff's IFP Motion is thus legally insufficient as he failed to submit the required "certified copy of the trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint . . . ." 28 U.S.C. § 1915(a)(2).

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiff's Complaint, **ECF No. [1]**, is **DISMISSED** without prejudice, and his IFP Motion, **ECF No. [3]**, is **DENIED**. The Clerk is directed to **CLOSE** the case.

**DONE AND ORDERED** in Chambers at Miami, Florida, on June 6, 2023.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Steven Bourgeois
192200694
Broward County Jail-NBB
North Broward Bureau
Inmate Mail/Parcels
Post Office Box 407037
Ft. Lauderdale, FL 33340
PRO SE